**Brandon NEW, Plaintiff–Appellant,**

v.

**Nancy PELOSI, Speaker of the House of Representatives, Dick Cheney, Vice President of the United States Senate, Senate Of United States, All Senators and Officers, Representatives and Officers and Speaker of the House of Representatives and U.S. Representatives, Defendants–Appellees.**

No. 08–5855–cv.

United States Court of Appeals, Second Circuit.

April 20, 2010.

Brandon New, pro se, New York, NY, for Appellant.

Tara M. La Morte, Assistant United States Attorney (David S. Jones, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: WILFRED FEINBERG, GUIDO CALABRESI, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Brandon New appeals *pro se* the dismissal of his complaint pursuant to Fed. R.Civ.P. 12(b)(6). We review such a dismissal *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). The presumption of veracity accorded factual allegations does not, however, extend to "legal conclusions." *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, to survive dismissal, a complaint must state a plausible claim for relief. *See id.; Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009). In applying these standards, we assume familiarity with the facts and procedural history.

Like the district court, we conclude that New's complaint fails to state a claim upon which relief can be granted. New has not established standing to sue on behalf of any other voters, *see W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 109–10 (2d Cir.2008), and offers no claim that his own right to vote was abridged on the basis of race or sex. Thus, he fails to allege a cognizable violation of the Fifteenth or Nineteenth Amendment. Even construed liberally as alleging a Fourteenth Amendment violation, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006), New's complaint states no plausible claim for relief, *see Gray v. Sanders,* 372 U.S. 368, 376–81, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

Accordingly, the judgment of the district court is AFFIRMED.